**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Southern_____ District of _____Texas_____
                   (State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**

   Haas of Delaware LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   2 3 _ 1 9 5 2 6 7 9

4. **Debtor's address**

   **Principal place of business**

   1475 Phoenixville Pike
   Number    Street

   Suite 201

   West Chester, PA 19380
   City          State   ZIP Code

   Chester County
   County

   **Mailing address, if different from principal place of business**

   Number    Street

   P.O. Box

   City         State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number    Street

   City         State   ZIP Code

5. **Debtor's website (URL)**

   https://www.incora.com/

Debtor    Haas of Delaware LLC _____      Case number *(if known)* _____

Name

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>4</u>  <u>2</u>  <u>4</u>  <u>6</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor   <u>Haas of Delaware LLC</u>

Name

Case number *(if known)* _____

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No

   ☐ Yes.  District _____  When _____  Case number _____
                                                              MM / DD / YYYY

                    District _____  When _____  Case number _____
                                                              MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☒ Yes.  Debtor ____See Rider 1____  Relationship ____Affiliate____

             District ____Southern District of Texas____  When ____5/31/23____
                                                                MM / DD / YYYY

             Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number        Street

                              _____

                              _____
                              City                          State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

            Contact name _____

            Phone _____

---

■ **Statistical and administrative information**

---

Debtor **Haas of Delaware LLC**
_____
Name

Case number (*if known*)_____

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☒ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **5/31/23**
MM / DD / YYYY

✗ _~~Roger L. Craft~~_
Signature of authorized representative of debtor

Title **Chief Financial Officer**

**Raymond Carney**
_____
Printed name

---

Debtor    Haas of Delaware LLC
          _____          Case number (if known)_____
          Name

| 18. Signature of attorney | ✖    /s/ Charles A. Beckham, Jr. | Date | 5/31/23 |

Signature of attorney for debtor                               MM  / DD / YYYY

Charles A. Beckham, Jr.
_____
Printed name

Haynes and Boone, LLP
_____
Firm name

1221 McKinney St., Ste. 4000
_____
Number          Street

Houston                                      TX        77010
_____
City                                         State     ZIP Code

713-547-2000                                 charles.beckham@haynesboone.com
_____
Contact phone                                Email address

02016600                                     TX
_____
Bar number                                   State

### RIDER 1 TO VOLUNTARY PETITION

On this date, each of the affiliated entities listed below (collectively, the "***Debtors***") has filed or will file a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the U.S. Bankruptcy Court for the Southern District of Texas.  The Debtors expect to file a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| | |
|---|---|
| Wesco Aircraft Holdings, Inc. | Wesco 1 LLP |
| Wolverine Intermediate Holding II Corporation | Wesco 2 LLP |
| | Wesco Aircraft SF, LLC |
| Wolverine Intermediate Holding Corporation | Wesco Aircraft Canada, LLC |
| | Wesco Aircraft Canada Inc. |
| Haas Group, LLC | Haas Group International, LLC |
| Haas Holdings, LLC | Haas of Delaware LLC |
| Interfast USA Holdings, Inc. | Haas TCM Industries LLC |
| Pioneer Holding Corporation | NetMRO, LLC |
| Pattonair Holding, Inc. | Haas Corporation of Canada |
| Pattonair USA, Inc. | Haas Group Canada Inc. |
| UNISEAL, Inc. | Haas Chemical Management of Mexico, Inc. |
| Pioneer Finance Corporation | |
| Wolverine UK Holdco Limited | Haas TCM de Mexico, S. de R.L. de C.V. |
| Pattonair Holdings Limited | Haas Corporation of China |
| Quicksilver Midco Limited | Haas TCM of Israel Inc. |
| Pattonair Group Limited | Haas International Corporation |
| Pattonair Europe Limited | Haas TCM Group of the UK Limited |
| Adams Aviation Supply Company Ltd. | Wesco Aircraft International Holdings Limited |
| Pattonair (Derby) Limited | |
| Pattonair Limited | Wesco Aircraft EMEA, Ltd. |
| Wesco Aircraft Hardware Corp. | Haas Group International SCM Limited |
| Wesco LLC 1 | Flintbrook Limited |
| Wesco LLC 2 | Wesco Aircraft Europe Limited |

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| *In re*<br><br>**HAAS OF DELAWARE LLC**,<br><br>Debtor. | Case No. 23-[_____ (___)]<br><br>Chapter 11<br><br>(Joint Administration Requested) |

# LIST OF EQUITY HOLDERS

1.    Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following table identifies all holders having an equity ownership interest in the above-captioned debtor in possession:

| Debtor | Equity Holder | Last Known Address | Percentage of Equity Held |
|---|---|---|---|
| Haas of Delaware LLC | Haas Group International, LLC | 1475 Phoenixville Pike, Ste. 201, West Chester, PA 19380 | 100% |

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| *In re*<br><br>**HAAS OF DELAWARE LLC**,<br><br>Debtor. | Case No. 23-[_____ (___)]<br><br>Chapter 11<br><br>(Joint Administration Requested) |

# CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in Haas of Delaware LLC and its debtor affiliates (each, a "***Debtor***" and collectively, the "***Debtors***").  The Debtors respectfully represent as follows:

1.      Haas of Delaware LLC is a wholly owned direct subsidiary of affiliated debtor Haas Group International, LLC.

2.      Wolverine Top Holding Corporation is the ultimate parent company of each of the Debtors, and directly or indirectly owns a 100% equity interest in each of the Debtors.

# EXHIBIT A TO CORPORATE OWNERSHIP STATEMENT

## ORGANIZATIONAL CHART



incora

## Corporate Structure

**Notes:**

1 Company aka Wesco Aircraft Trading (Shanghai) Co. Ltd.
2 2% owned by Haas Group International, LLC
3 45% owned by FineChem International, Inc. and 10% owned by 2 Chinese entities
4 51% owned by Avic International Logistics (Tianjin) Co. Ltd.
5 0.01% aggregate ownership by certain members of management
6 Pattonair Group Limited owns 1% as nominee shareholder

Debtor name: Wesco Aircraft Holdings, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim: If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BOKF, NA 1600 BROADWAY 3RD FLOOR DENVER, CO 80202 UNITED STATES | Attn: George Kubin Title: Senior Vice President Phone: 303-864-7206 Email: gkubin@bokf.com | 9.0% Notes due 2026 | | | | $ 337,276,462.00 |
| 2 | BOKF, NA 1600 BROADWAY 3RD FLOOR DENVER, CO 80202 UNITED STATES | Attn: George Kubin Title: Senior Vice President Phone: 303-864-7206 Email: gkubin@bokf.com | 8.5% Notes due 2024 | | | | $ 176,772,000.00 |
| 3 | BOKF, NA 1600 BROADWAY 3RD FLOOR DENVER, CO 80202 UNITED STATES | Attn: George Kubin Title: Senior Vice President Phone: 303-864-7206 Email: gkubin@bokf.com | 13.125% Notes due 2027 | | | | $ 104,125,000.00 |
| 4 | PPG INDUSTRIES 1 PPG PL PITTSBURGH, PA 15272 UNITED STATES | Attn: Vince Morales Title: Chief Financial Officer Phone: 412-434-2120 Email: vmorales@ppg.com | Trade Payable | | | | $ 11,120,694.74 |
| 5 | GULFSTREAM AEROSPACE 500 GULSTREAM RD SAVANNAH, GA 31408 UNITED STATES | Attn: Joshua Thompson Title: Chief Financial Officer Phone: 727-789-2629 Email: josh.thompson@gulfstream.com | Customer Programs | Unliquidated | | | $ 8,715,875.26 |
| 6 | HOWMET AEROSPACE 201 ISABELLA ST SUITE 200 PITTSBURGH, PA 15212 UNITED STATES | Attn: Michael Chantray Title: Chief Commercial Officer Phone: 410-708-8316 Email: michael.chanatry@arconic.com | Trade Payable | | | | $ 8,331,997.73 |
| 7 | LISI AEROSPACE 2600 SKYPARK DR. TORRANCE, CA 90509 UNITED STATES | Attn: Scott Wood Title: Chief Operating Officer Phone: 626-222-1575 Email: scott.wood@lisi-aerospace.com | Trade Payable | | | | $ 7,572,415.45 |
| 8 | PCC AEROSTRUCTURES 6525 240TH ST. SE BLDG A WOODINVILLE, WA 98072 UNITED STATES | Attn: Harold Finch Title: Vice President of Quality Phone: 316-371-3637 Email: hffinch@pccaero.com | Trade Payable | | | | $ 6,736,281.10 |
| 9 | TRANSDIGM GROUP 301 EAST 9TH ST. SUITE 3000 CLEVELAND, OH 44114 UNITED STATES | Attn: Lee Pavetti Title: Vice President of Finance Phone: 440-853-8247 Email: lpavetti@transdigm.com | Trade Payable | | | | $ 5,753,553.28 |
| 10 | NASMYTH BULWELL WHARF RD IND EST PINXTON, NG16 6LE UNITED KINGDOM | Attn: Emma West Title: Financial Controller Email: ewest@nasmythbulwell.com | Trade Payable | | | | $ 5,621,610.39 |
| 11 | MCBRAIDA PLC RIDGEYATE ENG WORKS BATH ROAD BRISTOL, BS30 5JW UNITED KINGDOM | Attn: Simon Grynyer Title: Global Strategy Manager Email: simon.grynyer@mcbraida.com | Trade Payable | | | | $ 5,489,537.05 |
| 12 | HENKEL CORPORATION ONE HENKEL WAY ROCKY HILL, CT 6067 UNITED STATES | Attn: Joseph DeBiase Title: Senior Vice President and General Manager Phone: 843-881-9664 Email: joseph.debiase@us.henkel.com | Trade Payable | | | | $ 5,149,049.76 |

Debtor  Wesco Aircraft Holdings, Inc.                                                                Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 CAAP CO<br>152 PEPES FARM RD<br>MILFORD, CT 6460 UNITED STATES | Attn: Nick Fedele<br>Title: Director, Production and Engineering<br>Phone: 203-877-0375<br>Email: nick@caapco.com | Trade Payable | | | | $    4,200,127.00 |
| 14 NICHOLSONS SEALING TECHNOLOGIES LTD<br>AMOS DRIVE<br>ANNFIELD PLAIN<br>CO. DURHAM,   DH9 7YE UNITED KINGDOM | Attn: Paul Wilson<br>Title: Operations Director<br>Phone: +44 1274 734238<br>Email: paul.wilson@nicholsons.co.uk | Trade Payable | | | | $    3,363,717.70 |
| 15 3M<br>2501 HUDSON RD<br>MAPLEWOOD, MN 55144 UNITED STATES | Attn: Kevin Rhodes<br>Title: Executive Vice President & Chief Legal Affairs Officer<br>Phone: 651-736-4868<br>Email: krhodes@3m.com | Trade Payable | | | | $    3,080,214.60 |
| 16 M J SECTIONS LIMITED<br>130 STOURBRIDGE RD<br>BELLE VALE WARD<br>WEST MIDLANDS,  B63 3UN UNITED KINGDOM | Attn: Beth Barrie<br>Title: Purchasing Officer<br>Email: beth.barrie@mjsections.co.uk | Trade Payable | | | | $    3,045,639.66 |
| 17 BOEING<br>929 LONG BRIDGE DR<br>ARLINGTON, VA 22202 UNITED STATES | Attn: Michael Arthur<br>Title: President, Boeing International<br>Phone: 205-914-0093<br>Email: michael.arthur@boeing.com | Trade Payable | | | | $    2,963,063.61 |
| 18 PARKER HANNIFIN CORP<br>6035 PARKLAND BLVD<br>CLEVELAND, OH 44124 UNITED STATES | Attn: Andrew Ross<br>Title: Chief Operating Officer<br>Email: andrew.ross@parker.com | Trade Payable | | | | $    2,778,981.04 |
| 19 IONIX SYSTEMS LTD<br>PROSPECT HOUSE, TAYLOR BUSINESS PAR<br>RISLEY<br>WARRINGTON,  WA3 6HP UNITED KINGDOM | Attn: Gemma Barnett<br>Title: Group Financial Controller<br>Phone: +372-452-1780<br>Email: gemma.barnett@ionix-systems.com | Trade Payable | | | | $    2,690,367.21 |
| 20 TRELLEBORG GROUP<br>JOHAN KOCKSGATAN 10<br>231<br>TRELLEBORG,   SWEDEN | Attn: Fiona Guo<br>Title: Financial Controller<br>Phone: 714-905-5271<br>Email: fionaguo@trelleborg.com | Trade Payable | | | | $    2,632,952.57 |
| 21 UST GLOBAL, INC.<br>20 ENTERPRISE<br>4TH FLOOR<br>ALISO VIEJO, CA 92656 UNITED STATES | Attn: Krishna Prasad<br>Title: Chief Customer Officer<br>Phone: 949-351-4752<br>Email: krishna.prasad@ust-global.com | Trade Payable | | | | $    2,593,587.78 |
| 22 ELLSWORTH ADHESIVES<br>W129 N10825 WASHINGTON DRIVE<br>GERMANTOWN, WI 53022 UNITED STATES | Attn: Roger Lee<br>Title: Global President<br>Phone: 262-366-3775<br>Email: rlee@ellsworth.com | Trade Payable | | | | $    2,459,582.97 |
| 23 ITP EXTERNALS S.L.U<br>PARQUE TECNOLOGICO DE BIZKAIA<br>SEDIF.902<br>DERIO,  48160 SPAIN | Attn: Luis Alvarez Rubio<br>Title: Chief Operating Officer<br>Email: luis.rubio@itpaero.com | Trade Payable | | | | $    2,362,718.52 |
| 24 QUAKER HOUGHTON<br>ONE QUAKER PARK<br>901 E. HECTOR STREET<br>CONSHOHOCKEN, PA 19238 UNITED STATES | Attn: Michael Barry<br>Title: Chief Executive Officer<br>Phone: 610-832-4000<br>Email: michael.barry@quakerhoughton.com | Trade Payable | | | | $    2,348,015.49 |
| 25 HUTCHINSON AEROSPACE<br>82 SOUTH ST<br>HOPKINTON, MA 01748 UNITED STATES | Attn: Neil O'Hara<br>Title: Senior Vice President Sales and Marketing<br>Phone: 508-417-7000<br>Email: oharan@hutchinsonai.com | Trade Payable | | | | $    1,936,014.79 |
| 26 AVIC INTERNATIONAL HOLDING CORPORATION<br>18 BEICHEN EAST ROAD<br>CHAOYANG DISTRICT<br>BEIJING,  100101 CHINA | Attn: Chen Zhao<br>Title: HR Director<br>Phone: 213-550-8774<br>Email: chenz@avic-intl.cn | Trade Payable | | | | $    1,886,823.39 |

Debtor  Wesco Aircraft Holdings, Inc.                                                                Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | AIRGAS 259 N RADNOR CHESTER RD #100 RADNOR, PA 19087 UNITED STATES | Attn: Jay Worley Title: Chief Operating Officer Phone: 610-254-0422 Email: jworley@airgas.com | Trade Payable | | | | $      1,804,638.82 |
| 28 | FUCHS LUBRICANTS 17050 LATHROP AVENUE HARVEY, IL 60426 UNITED STATES | Attn: Keith Brewer Title: Chief Executive Officer Phone: 214-668-6757 Email: kbrewer@fuchs.com | Trade Payable | | | | $      1,794,207.21 |
| 29 | A POOLE & SON LIMITED HEWELL RD REDDITCH, B97 6AY UNITED KINGDOM | Attn: Emma Lupton Title: Manager Phone: +44 1527 63676 | Trade Payable | | | | $      1,760,377.14 |
| 30 | NOTEHOLDER PLAINTIFFS [1] C/O KOBRE AND KIM LLP 800 THIRD AVENUE NEW YORK, NY 10022 UNITED STATES | Attn: Zachary Rosenbaum Title: Counsel Phone: 212-488-1200 Email: zachary.rosenbaum@kobrekim.com | Litigation | Contingent, Unliquidated, Disputed | | | UNDETERMINED |

[1] "Noteholder Plaintiffs," as identified in Exhibit 1, refer to those Parties who have asserted claims in a pending action (Supreme Court of the State of New York, County of New York October 28, 2022)

Debtor  Wesco Aircraft Holdings, Inc.                                         Case number (if known)_____

| **Exhibit 1** |
|---|
| **Noteholder Plaintiffs** |
| BlackRock Bank Loan Fund, by its manager BlackRock Asset Management Ireland Limited |
| BlackRock Dynamic High Income Portfolio of BlackRock Funds II |
| BlackRock Floating Rate Income Portfolio of BlackRock Funds V |
| BlackRock Floating Rate Income Strategies Fund, Inc. |
| BlackRock Floating Rate Income Trust |
| BlackRock Institutional Trust Company, N .A., acting in its capacity as Trustee of the U.S. High Yield Bond Index Non-Lendable Fund B |
| BlackRock Managed Income Fund of BlackRock Funds II |
| DELA Depositary & Asset Management B.V. |
| iShares II Public Limited Company, on behalf of its sub-fund iShares $ High Yield Corp Bond UCITS ETF |
| iShares IV Public Limited Company, on behalf of its sub-fund iShares $ Short Duration High Yield Corp Bond UCITS ETF |
| iShares Public Limited Company, on behalf of its sub-fund iShares Global High Yield Corp Bond UCITS ETF |
| iShares Trust, on behalf of its series iShares 0-5 Year High Yield Corporate Bond ETF |
| iShares Trust, on behalf of its series iShares Broad USD High Yield Corporate Bond ETF |
| iShares Trust, on behalf of its series iShares Core 1-5 Year USD Bond ETF |
| iShares Trust, on behalf of its series iShares Core Total USD Bond Market ETF |
| iShares Trust, on behalf of its series iShares iBonds 2024 Term High Yield and Income ETF |
| iShares Trust, on behalf of its series iShares iBonds 2026 Term High Yield and Income ETF |
| iShares Trust, on behalf of its series iShares iBoxx $ High Yield Corporate Bond ETF |
| iShares U.S. High Yield Bond Index ETF (CAD-Hedged), by its trustee, manager and portfolio adviser BlackRock Asset Management Canada Limited |
| iShares U.S. High Yield Fixed Income Index ETF (CAD-Hedged), by its trustee, manager and portfolio adviser BlackRock Asset Management Canada Limited |
| iShares VI Public Limited Company, on behalf of its sub-fund iShares Global High Yield Corp Bond CHF Hedged UCITS ETF (Dist) |
| iShares VI Public Limited Company, on behalf of its sub-fund iShares Global High Yield Corp Bond GBP Hedged UCITS ETF (Dist) |
| iShares, Inc., on behalf of its series iShares US & Intl High Yield Corp Bond ETF |
| JNL Series Trust on behalf of its series JNL/JPMorgan Global Allocation Fund |
| JPMorgan Chase Bank, N.A., as Trustee of the Commingled Pension Trust Fund (Core Plus Bond) of JPMorgan Chase Bank, N.A. |
| JPMorgan Chase Bank, N.A., as Trustee of the Commingled Pension Trust Fund (Corporate High Yield) of JPMorgan Chase Bank, N.A. |
| JPMorgan Chase Bank, N.A., as Trustee of the Commingled Pension Trust Fund (High Yield) of JPMorgan Chase Bank, N.A. |
| JPMorgan Chase Bank, N.A., as Trustee of the Commingled Pension Trust Fund (Income) of JPMorgan Chase Bank, N.A. |
| JPMorgan Funds, on behalf of its sub-fund Global Bond Opportunities Fund |
| JPMorgan Funds, on behalf of its sub-fund Global Bond Opportunities Sustainable Fund |
| JPMorgan Funds, on behalf of its sub-fund Income Fund |
| JPMorgan Funds, on behalf of its sub-fund Multi-Manager Alternatives Fund |
| JPMorgan Funds, on behalf of its sub-fund US High Yield Plus Bond Fund |
| JPMorgan Investment Funds, on behalf of its sub-fund Global High Yield Bond Fund |
| JPMorgan Investment Funds, on behalf of its sub-fund Income Opportunity Fund |
| JPMorgan Investment Funds, on behalf of its sub-fund Global Income Fund |
| JPMorgan Investment Funds, on behalf of its sub-fund Global Income Conservative Fund |
| Kapitalforeningen PenSam Invest - PSI 84 US High Yield II |
| Lumyna Investments Ltd. on behalf of its sub-fund PSAM Global Event UCITS Fund |
| Lumyna Specialist Funds (formerly called Viaduct invest FCP-SIF), on behalf of its sub-fund Event Alternative Fund |
| PSAM WorldArb Master Fund Ltd. |
| Rebound Portfolio Ltd. |
| SSD Investment Ltd. |
| The New Zealand Guardian Trust Company Limited, as Trustee for AMP Wholesale High Yield Bond Fund |
| UBS Fund Management (Switzerland) AG |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | Haas of Delaware LLC |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (if known): | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  5/31/23          **✗** _Raymond L. Carney_ (signature)
MM / DD / YYYY                  Signature of individual signing on behalf of debtor

Raymond Carney
Printed name

Chief Financial Officer
Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS UNANIMOUS WRITTEN CONSENT AND RESOLUTIONS
OF THE BOARDS OF DIRECTORS, BOARDS OF MANAGERS AND MEMBERS**

**May 31, 2023**

The undersigned, being all of the members of the boards of directors, all of the members of the boards of managers or all of the members (each a "Governing Body"), as applicable, of each of the entities listed on Annex A (each a "Company", and collectively, the "Companies"), acting pursuant to the applicable organizational documents of the Companies, hereby adopt the following resolutions (these "Resolutions").

**WHEREAS**, the Governing Body of each Company, along with their legal and financial advisors, has considered the liquidity, financial and operational condition, including capital resources, and sources and uses of cash, of such Company and its subsidiaries and affiliates and its current lending arrangements in respect to meeting such Company's short-term liquidity needs;

**WHEREAS**, the Governing Body of each Company has reviewed the historical performance and results of such Company, the market in which such Company operates, its current, short-term and long-term future liquidity needs, its business prospects and its current and long-term liabilities;

**WHEREAS**, the Governing Body of each Company has considered and evaluated other lending arrangements and sources of liquidity in meeting such Company's short-term liquidity needs;

**WHEREAS**, the Governing Body of each Company has reviewed the materials presented by such Company's financial, operative, legal and other advisors and has engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding, and have had the opportunity to fully consider, such Company's financial condition, including its capital resources and uses of cash, liabilities and liquidity position, the strategic alternatives available to it, the impact of the foregoing on such Company's business and operations and the advisability of entering into restructuring arrangements;

**WHEREAS**, each Governing Body has been presented with a draft of the Senior Secured Superpriority Debtor-In-Possession Note Purchase Agreement (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented or otherwise modified from time to time, the "DIP Note Purchase Agreement"), to be entered into among Wesco Aircraft Holdings, Inc. (the "Issuer"), Wolverine Intermediate Holding Corporation, the other guarantors party thereto, the note purchasers party thereto (the "DIP Note Purchasers") and Wilmington Savings Fund, FSB, as administrative agent and collateral agent (the "DIP Notes Agent");

**WHEREAS**, the obligation of the DIP Note Purchasers to make certain extensions of credit is subject to the Issuer and each other facility guarantor having satisfied certain conditions described in the DIP Note Purchase Agreement;

**WHEREAS**, the management and advisors of each Governing Body have negotiated the terms of the DIP Note Purchase Agreement, the key terms of which have been discussed with each Governing Body;

**WHEREAS**, each Governing Body has determined that the transactions contemplated by the DIP Note Purchase Agreement are in the best interest of each Company and that it is in the best interest of such Company to (i) execute and deliver the DIP Note Purchase Agreement and any other document or agreement to which it is contemplated to become a party pursuant to the DIP Note Purchase Agreement and the DIP Credit Documents (as defined below) and (ii) authorize the Authorized Persons (as defined below) of each such Company to take any and all actions as any such Authorized Person may deem appropriate to effect the transactions contemplated by the DIP Note Purchaser Agreement;

**WHEREAS**, each Company has considered the importance of retaining outside legal, operative and financial advisors and any other professionals required to assist during the restructuring process; and

**WHEREAS**, the Governing Body of each Company has determined that taking the actions set forth below are advisable and in the best interests of such Company to preserve and protect its ordinary course of business and therefore desires to approve the following resolutions:

<u>**Approval of Chapter 11 Case**</u>

**BE IT RESOLVED** that the Governing Body of each Company has determined that it is desirable and in the best interests of such Company and its respective creditors and other parties-in-interest that such Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") commencing the Chapter 11 Case (as defined below) in the United States Bankruptcy Court for the Southern District of Texas;

**BE IT FURTHER RESOLVED** that Raymond Carney on behalf of each Company and each manager, member, officer or director of each Company on behalf of such person's Company (together with Raymond Carney, the "<u>Authorized Persons</u>"), in each case, acting singly or jointly, be, and each of them hereby is, authorized, empowered and directed to execute and file, or cause to be filed, with the bankruptcy court, for such Authorized Person's Company, all petitions, schedules, lists, motions, applications, pleadings and any other necessary papers or documents, including any amendments thereto, and to take any and all action and perform any and all further deeds that they deem necessary or proper to obtain chapter 11 bankruptcy relief or in connection with the chapter 11 case of such Company (the "<u>Chapter 11 Case</u>"), with a view to the successful prosecution of such Chapter 11 Case, including the negotiation of such additional agreements, modifications, supplements, reports, documents, instruments, applications, notes, or certificates that may be required and/or the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in their sole discretion, may approve or deem necessary, appropriate, or desirable in order to carry out the intent and accomplish the purposes of the resolutions herein and the transactions contemplated thereby;

## Debtor-In-Possession Financing

**BE IT FURTHER RESOLVED** that in order to use and obtain the benefits of (a) the DIP Credit Documents and (b) the use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code and in accordance with section 363 of the Bankruptcy Code, each Company will grant certain liens and claims, and provide adequate protection to certain secured parties and to the DIP Note Purchasers to secure the obligations of the Companies under the DIP Note Purchase Agreement (collectively, the "DIP Obligations") as documented in a proposed order in interim and final form (together, the "DIP Orders") and submitted for approval to the bankruptcy court;

**BE IT FURTHER RESOLVED** that each Company, as a debtor and a debtor in possession under the Bankruptcy Code be, and is, authorized to incur the adequate protection obligations, and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Credit Documents, including granting liens on its assets to secure such obligations;

**BE IT FURTHER RESOLVED** that the form, terms and provisions of the DIP Note Purchase Agreement, the DIP Orders and the form, terms and provisions of each of the instruments and documents listed below to which each Company is or will be a party (collectively with the DIP Note Purchase Agreement and the DIP Orders, the "DIP Credit Documents"), be, and hereby are, in all respects approved; and further resolved, that each Company's performance of its DIP Obligations under the DIP Note Purchase Agreement and the other DIP Credit Documents, including the borrowings thereunder, the guaranteeing of the obligations of the other Companies and the grant of a security interest in the assets of such Company, if applicable, be, and hereby are, in all respects, approved; and further resolved, that each of the Authorized Persons, acting alone or with one or more other Authorized Persons be, and hereby is, authorized and empowered to execute, negotiate and deliver (including by facsimile, electronic or comparable method) the DIP Note Purchase Agreement, the DIP Orders, each of the other DIP Credit Documents and each of the instruments and documents contemplated thereby, in the name and on behalf of such Company, on behalf of itself or its subsidiaries, as applicable, under its corporate seal or otherwise, with such changes therein as shall be approved by the Authorized Person executing the same, with such execution by said Authorized Person to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from the form presented to the Governing Body of each Company:

(a)     the DIP Note Purchase Agreement;

(b)     the Security Agreement (as defined in the DIP Note Purchase Agreement); and

(c)     such other documents, instruments, certificates, petitions, motions and other papers as may be reasonably requested by the DIP Notes Agent, required by the DIP Orders or contemplated by the DIP Note Purchase Agreement or any other DIP Credit Document;

**BE IT FURTHER RESOLVED** that each Company will obtain benefits from (a) the use of collateral which is security for the secured parties under the DIP Note Purchase Agreement, and (b) the incurrence of debtor-in-possession financing obligations pursuant to the DIP Note Purchase

Agreement and other DIP Credit Documents or arising from each DIP Order, which are necessary and convenient to the conduct, promotion and attainment of the business of such Company;

**BE IT FURTHER RESOLVED** that the granting of security interests by each applicable Company in all property now or hereafter owned by such Company as contemplated by the DIP Note Purchase Agreement, the DIP Orders, the other DIP Credit Documents and any other agreements, documents or filings that the DIP Notes Agent determines are necessary, appropriate or desirable pursuant to the terms of the DIP Credit Documents be, and are, in all respects, authorized and approved;

**BE IT FURTHER RESOLVED** that each of the Authorized Persons of the Companies is authorized and empowered in the name of, and on behalf of, the Companies to file or to authorize the DIP Notes Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Companies that the DIP Notes Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders and the DIP Credit Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the DIP Notes Agent may reasonably request to perfect the security interests of the DIP Notes Agent under the DIP Orders;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company, acting alone or with one or more other Authorized Persons, be, and each of them is, authorized, directed and empowered in the name and on behalf of each applicable Company, as debtors and debtors in possession, to guarantee the DIP Obligations under the DIP Note Purchase Agreement, the DIP Orders and the other DIP Credit Documents on behalf of itself or on behalf of its subsidiaries, as applicable, to assign, transfer, pledge and grant, or to continue to assign, transfer, pledge and grant, to the DIP Notes Agent, for the ratable benefit of the respective or applicable secured parties, a security interest in all or substantially all the assets of each Company, as collateral security for the prompt and complete payment and performance when due of the DIP Obligations under the DIP Note Purchase Agreement, the DIP Orders and the other DIP Credit Documents to which each Company is a party and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause each such Company to create, perfect and maintain a security interest in each of its respective property or assets constituting collateral as described or contemplated in the DIP Credit Documents;

**BE IT FURTHER RESOLVED** that each of the Authorized Persons be, and is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the DIP Credit Documents, to arrange for and enter into supplemental agreements, instruments, certificates or documents relating to the transactions contemplated by the DIP Note Purchase Agreement, the DIP Orders or any of the DIP Credit Documents and to execute and deliver all such supplemental agreements, instruments, certificates or documents in the name and on behalf of such Company under its corporate seal or otherwise, which shall in their sole judgment be necessary, proper or advisable in order to perform such

Company's DIP Obligations under or in connection with the DIP Note Purchase Agreement, the DIP Orders or any of the DIP Credit Documents and the transactions contemplated by the DIP Credit Documents, and to carry out fully the intent of the foregoing resolutions, in such form and with such terms as shall be approved by the Authorized Person executing the same, with such execution by said Authorized Person to constitute conclusive evidence of his or her approval of the terms thereof;

**BE IT FURTHER RESOLVED** that each of the Authorized Persons be, and is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Note Purchase Agreement, the DIP Orders or any of the DIP Credit Documents that shall, in their sole judgment, be necessary, proper or advisable, in such form and with such terms as shall be approved by the Authorized Person executing the same, with such execution by said Authorized Person to constitute conclusive evidence of his or her approval of the terms thereof;

**BE IT FURTHER RESOLVED** that for all transactions authorized above, the Authorized Persons are authorized to open an account or accounts with such third parties as they deem necessary or desirable for the purpose of engaging in such transactions, and the other party to such transactions is authorized to act upon any verbal or written orders and instructions from the Authorized Persons in connection with such accounts and transactions;

**BE IT FURTHER RESOLVED** that each of the Authorized Persons of each Company be, and is, authorized and empowered to take all actions or to not take any action in the name of any Company with respect to the transactions contemplated by these resolutions as the sole shareholder, partner, general partner, sole member, member, managing member, sole manager, manager or director of each applicable subsidiary of any such Company, if any, whether existing now or in the future, in each case, as such Authorized Person shall deem necessary or desirable, including, without limitation, the authorization of resolutions and agreements necessary to authorize the execution, delivery and performance pursuant to the DIP Credit Documents (including, without limitation, certificates, affidavits, financing statements, notices, reaffirmations, and amendments and restatements thereof or relating thereto) as may be necessary, appropriate or convenient to effectuate the purposes of the transactions contemplated in this written consent. The performance of any such further act or thing and the execution of any such document or instrument by any of the Authorized Persons of such Company pursuant to these resolutions shall be conclusive evidence that the same have been authorized and approved by such Company in every respect;

**BE IT FURTHER RESOLVED** that all acts and actions taken by the Authorized Persons prior to the date of this written consent with respect to the transactions contemplated by the DIP Note Purchase Agreement, the DIP Orders or any of the DIP Credit Documents be, and are, in all respects confirmed, approved and ratified;

**BE IT FURTHER RESOLVED** that the signature of any Authorized Person of such Company shall be conclusive evidence of the authority of such Authorized Person to execute and deliver the documents to which such Company is a party. The authority granted in this written consent shall apply with equal force and effect to any successors-in-office of the Authorized Persons identified in this written consent;

**BE IT FURTHER RESOLVED** that all capitalized terms used in the resolutions under this "**Debtor-In-Possession Financing**" section and not otherwise defined in this written consent shall have the meanings given to such terms in the DIP Note Purchase Agreement, as applicable;

## Approval of the Retention of Advisors

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ the law firm of Milbank LLP as general bankruptcy counsel to represent and advise such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Milbank LLP;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ on behalf of such Company the firm of Haynes and Boone, LLP, as local bankruptcy counsel to represent and assist such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Haynes and Boone, LLP;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ on behalf of such Company the firm of PJT Partners, Inc., as investment banker and financial advisor to represent and assist such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of PJT Partners, Inc.;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ on behalf of such Company the firm of Alvarez & Marsal North America, LLC, as financial advisor to represent and assist such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case and cause to be executed

and filed an appropriate application with the bankruptcy court for authority to retain the services of Alvarez & Marsal North America, LLC;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ on behalf of such Company the firm of Kurtzman Carson Consultants LLC, as notice and claims agent to represent and assist such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Kurtzman Carson Consultants LLC;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ on behalf of such Company the firm of Quinn Emanuel Urquhart & Sullivan, LLP, as special litigation counsel to represent and assist such Company in carrying out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Quinn Emanuel Urquhart & Sullivan, LLP;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed to employ any other professionals, including attorneys, accountants, tax advisors and notice and claims agents, necessary to assist such Authorized Persons' Company in carrying out such Company's duties under the Bankruptcy Code; and in connection therewith, such Authorized Persons are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary;

### Other Authorization and Ratification

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of such Company, to prosecute the Chapter 11 Case in a manner that in their business judgment is likely to maximize the recovery for stakeholders in such Company and minimize the obligations incurred by such Company;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of

governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such person shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, including, but not limited to, implementing the foregoing Resolutions and the transactions contemplated by these Resolutions;

**BE IT FURTHER RESOLVED** that the Authorized Persons of each Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of such Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing Resolutions;

**BE IT FURTHER RESOLVED** that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name and on behalf of each Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified; and

**BE IT FURTHER RESOLVED** that, to the extent each Company serves as the sole member, managing member, general partner or other governing body (each a "Controlling Company") of any other company (each a "Controlled Company"), each Authorized Person of such Controlling Company, any one of whom may act without the joinder of any other Authorized Person of such Controlling Company, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Person of such Controlling Company is herein authorized to take on behalf of such Controlling Company.

IN WITNESS WHEREOF, each of the undersigned has executed this consent as of the date first written above.

**Wesco Aircraft Holdings, Inc.**, a Delaware corporation

By: _____

Name: Mary Ann Sigler
Title: Director

**Haas Chemical Management of Mexico, Inc.**, a Pennsylvania corporation

**Haas Corporation of Canada**, a Pennsylvania corporation

**Haas Corporation of China**, a Pennsylvania corporation

**Haas International Corporation**, a Pennsylvania corporation

**Haas TCM of Israel Inc.**, a Delaware corporation

**Interfast USA Holdings Incorporated**, a Delaware corporation

**Pattonair Holding, Inc.**, a Delaware corporation

**Pattonair USA, Inc.**, a Texas corporation

**Pioneer Finance Corporation**, a Delaware corporation

**Pioneer Holding Corporation**, a Delaware corporation

**UNISEAL, Inc.**, a California corporation

**Wolverine Intermediate Holding II Corporation**, a Delaware corporation

By: _____
Name: Mary Ann Sigler
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Haas Group, LLC**, a Delaware limited liability company

**Haas Holdings, LLC**, a Delaware limited liability company

**Haas of Delaware LLC**, a Delaware limited liability company

**Haas TCM Industries LLC**, a Delaware limited liability company

**NetMRO, LLC**, a Florida limited liability company

**Wesco Aircraft Canada, LLC**, a Delaware limited liability company

**Wesco Aircraft SF, LLC**, a Delaware limited liability company

**Wesco LLC 1**, a Delaware limited liability company

**Wesco LLC 2**, a Delaware limited liability

By: _____
Name: Mary Ann Sigler
Title: Manager

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wolverine Intermediate Holding Corporation**, a
Delaware corporation

By: _____
Name: Patrick J. Bartels, Jr.
Title: Director


By: _____
Name: Michael Fabiano
Title: Director


By: _____
Name: John Gerald Holland
Title: Director


By: _____
Name: Louis Samson
Title: Director


By: _____
Name: Mary Ann Sigler
Title: Director


By: _____
Name: Malik Vorderwuelbecke
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Wolverine Intermediate Holding Corporation**, a
Delaware corporation

By: _____
      Name: Patrick J. Bartels, Jr.
      Title: Director

By: _____
      Name: Michael Fabiano
      Title: Director

By: _____
      Name: John Gerald Holland
      Title: Director

By: _____
      Name: Louis Samson
      Title: Director

By: _____
      Name: Mary Ann Sigler
      Title: Director

By: _____
      Name: Malik Vorderwuelbecke
      Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Wolverine Intermediate Holding Corporation**, a
Delaware corporation

By: _____
Name: Patrick J. Bartels, Jr.
Title: Director

By: _____
Name: Michael Fabiano
Title: Director

By: _____
Name: John Gerald Holland
Title: Director

By: _____
Name: Louis Samson
Title: Director

By: _____
Name: Mary Ann Sigler
Title: Director

By: _____
Name: Malik Vorderwuelbecke
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Wolverine Intermediate Holding Corporation**, a
Delaware corporation

By: _____
     Name: Patrick J. Bartels, Jr.
     Title: Director

By: _____
     Name: Michael Fabiano
     Title: Director

By: _____
     Name: John Gerald Holland
     Title: Director

By: _____
     Name: Louis Samson
     Title: Director

By: _____
     Name: Mary Ann Sigler
     Title: Director

By: _____
     Name: Malik Vorderwuelbecke
     Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Wolverine Intermediate Holding Corporation**, a
Delaware corporation

By: _____
Name: Patrick J. Bartels, Jr.
Title: Director

By: _____
Name: Michael Fabiano
Title: Director

By: _____
Name: John Gerald Holland
Title: Director

By: _____
Name: Louis Samson
Title: Director

By: _____
Name: Mary Ann Sigler
Title: Director

By: _____
Name: Malik Vorderwuelbecke
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Wolverine Intermediate Holding Corporation**, a
Delaware corporation

By: _____
Name: Patrick J. Bartels, Jr.
Title: Director

By: _____
Name: Michael Fabiano
Title: Director

By: _____
Name: John Gerald Holland
Title: Director

By: _____
Name: Louis Samson
Title: Director

By: _____
Name: Mary Ann Sigler
Title: Director

By: _____
Name: Malik Vorderwuelbecke
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Wolverine UK Holdco Limited**, an England and Wales limited company

By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Wayne Richard Hollinshead
Title: Director

**Wolverine UK Holdco Limited**, an England and Wales limited company

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Wayne Richard Hollinshead
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Pattonair Holdings Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Pattonair Holdings Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Pattonair Holdings Limited**, an England and
Wales limited company


By:   _____
      Name: Wayne Richard Hollinshead
      Title: Director


By:   _____
      Name: Dawn Landry
      Title: Director


By:   _____
      Name: Mark Whatling
      Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Quicksilver Midco Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Quicksilver Midco Limited**, an England and
Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

**Quicksilver Midco Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Pattonair Group Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Pattonair Group Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Pattonair Group Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Pattonair Europe Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Pattonair Europe Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

**Pattonair Europe Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Adams Aviation Supply Company Limited**, an
England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Mark Whatling
Title: Director

**Adams Aviation Supply Company Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

**Adams Aviation Supply Company Limited**, an
England and Wales limited company


By:     _____
        Name: Wayne Richard Hollinshead
        Title: Director


By:     _____
        Name: Dawn Landry
        Title: Director


By:     _____
        Name: Mark Whatling
        Title: Director

**Pattonair (Derby) Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Pattonair (Derby) Limited**, an England and Wales limited company

By: _____
    Name: Wayne Richard Hollinshead
    Title: Director

By: _____
    Name: Dawn Landry
    Title: Director

By: _____
    Name: Mark Whatling
    Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Pattonair (Derby) Limited**, an England and Wales limited company

By: _____
      Name: Wayne Richard Hollinshead
      Title: Director


By: _____
      Name: Dawn Landry
      Title: Director


By: _____
      Name: Mark Whatling
      Title: Director

**Pattonair Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Pattonair Limited**, an England and Wales limited company

By: _____
      Name: Wayne Richard Hollinshead
      Title: Director

By: _____
      Name: Dawn Landry
      Title: Director

By: _____
      Name: Mark Whatling
      Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Pattonair Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

**Wesco Aircraft Hardware Corp.**, a California corporation

By: _____

Digitally signed by David Coleal
Date: 2023.05.24 11:53:31 -05'00'

Name: David Coleal
Title: Chairman of the Board


By: _____

Name: Mary Ann Sigler
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco Aircraft Hardware Corp.**, a California corporation

By: _____
       Name: David Coleal
       Title: Chairman of the Board

By: _____
       Name: Mary Ann Sigler
       Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco 1 LLP**, an England and Wales limited
liability partnership


By: Wesco Aircraft Hardware Corp., as Member

By: _____ Digitally signed by David Coleal
    Date: 2023.05.24 11:53:57 -05'00'
    Name: David Coleal
    Title: Chairman of the Board



By: _____
    Name: Mary Ann Sigler
    Title: Director



By: Wesco LLC 1, as Member

By: _____
    Name: Mary Ann Sigler
    Title: Manager

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Wesco 1 LLP**, an England and Wales limited
liability partnership

By: Wesco Aircraft Hardware Corp., as Member

    By: _____
       Name: David Coleal
       Title: Chairman of the Board

    By: _____
       Name: Mary Ann Sigler
       Title: Director

By: Wesco LLC 1, as Member

    By: _____
       Name: Mary Ann Sigler
       Title: Manager

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Wesco 2 LLP**, an England and Wales limited
liability partnership

By: Wesco 1 LLP, as Member

    By: Wesco Aircraft Hardware Corp., as
    Member

    By: _____
        Digitally signed by David Coleal
        Date: 2023.05.24 11:54:23 -05'00'
        Name: David Coleal
        Title: Chairman of the Board

    By: _____
        Name: Mary Ann Sigler
        Title: Director

    By: Wesco LLC 1, as Member

    By: _____
        Name: Mary Ann Sigler
        Title: Manager

By: Wesco LLC 2, as Member

    By: _____
        Name: Mary Ann Sigler
        Title: Manager

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Wesco 2 LLP**, an England and Wales limited
liability partnership

By: Wesco 1 LLP, as Member

    By: Wesco Aircraft Hardware Corp., as
    Member

    By: _____
        Name: David Coleal
        Title: Chairman of the Board

    By: _____
        Name: Mary Ann Sigler
        Title: Director

    By: Wesco LLC 1, as Member

    By: _____
        Name: Mary Ann Sigler
        Title: Manager

By: Wesco LLC 2, as Member

    By: _____
        Name: Mary Ann Sigler
        Title: Manager

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Wesco Aircraft Canada Inc.**, a Canada corporation

By: _Pascale Bouchard_

Name: Pascale Bouchard
Title: Director

By: _____

Name: Mary Ann Sigler
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco Aircraft Canada Inc.**, a Canada corporation

By: _____
     Name: Pascale Bouchard
     Title: Director

By: _____
     Name: Mary Ann Sigler
     Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Haas Group International, LLC**, a Pennsylvania limited liability company

By: _____
Digitally signed by David Coleal
Date: 2023.05.24 11:53:04 -05'00'

Name: David Coleal
Title: Chairman of the Board

By: _____

Name: Mary Ann Sigler
Title: Manager

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Haas Group International, LLC**, a Pennsylvania
limited liability company


By: _____
      Name: David Coleal
      Title: Chairman of the Board

By: _____
      Name: Mary Ann Sigler
      Title: Manager

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Haas Group Canada Inc.**, a Canada corporation

By:  _Pascale Bouchard_
    Name: Pascale Bouchard
    Title: Director

By:  _____
    Name: Mary Ann Sigler
    Title: Director

**Haas Group Canada Inc.**, a Canada corporation

By: _____
      Name: Pascale Bouchard
      Title: Director

By: _____
      Name: Mary Ann Sigler
      Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Haas TCM de Mexico, S. de R.L. de C.V.**, a
Mexico limited liability company


By: _____
Name: Dawn Landry
Title: Manager

**Haas TCM Group of the UK Limited**, an England and Wales limited company

By: _____

Name: Wayne Richard Hollinshead
Title: Director


By: _____

Name: Dawn Landry
Title: Director


By: _____

Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Haas TCM Group of the UK Limited**, an England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

**Haas TCM Group of the UK Limited**, an England and Wales limited company

By: _____
   Name: Wayne Richard Hollinshead
   Title: Director

By: _____
   Name: Dawn Landry
   Title: Director

By: _____
   Name: Mark Whatling
   Title: Director

**Wesco Aircraft International Holdings Limited**,
an England and Wales limited company

By:  _____
Name: Neal Austerberry
Title: Director


By:  _____
Name: Wayne Richard Hollinshead
Title: Director


By:  _____
Name: Dawn Landry
Title: Director


By:  _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco Aircraft International Holdings Limited**,
an England and Wales limited company


By:   _____
Name: Neal Austerberry
Title: Director

By:   _____
Name: Wayne Richard Hollinshead
Title: Director


By:   _____
Name: Dawn Landry
Title: Director


By:   _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of
Managers and Members]

**Wesco Aircraft International Holdings Limited**,
an England and Wales limited company


By: _____
       Name: Neal Austerberry
       Title: Director


By: _____
       Name: Wayne Richard Hollinshead
       Title: Director


By: _____
       Name: Dawn Landry
       Title: Director


By: _____
       Name: Mark Whatling
       Title: Director


[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco Aircraft International Holdings Limited**,
an England and Wales limited company


By: _____
Name: Neal Austerberry
Title: Director


By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco Aircraft EMEA, Ltd.**, an England and Wales limited company

By: _____
Name: Neal Austerberry
Title: Director

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco Aircraft EMEA, Ltd.**, an England and Wales limited company

By: _____
Name: Neal Austerberry
Title: Director

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco Aircraft EMEA, Ltd.**, an England and Wales limited company

By: _____
Name: Neal Austerberry
Title: Director

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco Aircraft EMEA, Ltd.**, an England and Wales limited company

By: _____
      Name: Neal Austerberry
      Title: Director

By: _____
      Name: Wayne Richard Hollinshead
      Title: Director

By: _____
      Name: Dawn Landry
      Title: Director

By: _____
      Name: Mark Whatling
      Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Haas Group International SCM Limited**, an
England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Mark Whatling
Title: Director

**Haas Group International SCM Limited**, an
England and Wales limited company

By: _____
      Name: Wayne Richard Hollinshead
      Title: Director

By: _____
      Name: Dawn Landry
      Title: Director

By: _____
      Name: Mark Whatling
      Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Haas Group International SCM Limited**, an
England and Wales limited company

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

**Flintbrook Limited**, an England and Wales limited company

By: _____
Name: Neal Austerberry
Title: Director


By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Flintbrook Limited**, an England and Wales limited company


By: _____
Name: Neal Austerberry
Title: Director

By: _____
Name: Wayne Richard Hollinshead
Title: Director


By: _____
Name: Dawn Landry
Title: Director


By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Flintbrook Limited**, an England and Wales limited company

By:  _____
Name: Neal Austerberry
Title: Director

By:  _____
Name: Wayne Richard Hollinshead
Title: Director

By:  _____
Name: Dawn Landry
Title: Director

By:  _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Flintbrook Limited**, an England and Wales limited company

By: _____
Name: Neal Austerberry
Title: Director

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco Aircraft Europe, Ltd**, an England and Wales limited company

By: _____
Name: Neal Austerberry
Title: Director

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco Aircraft Europe, Ltd**, an England and Wales limited company

By: _____
Name: Neal Austerberry
Title: Director

By: _____
Name: Wayne Richard Hollinshead
Title: Director

By: _____
Name: Dawn Landry
Title: Director

By: _____
Name: Mark Whatling
Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco Aircraft Europe, Ltd**, an England and Wales limited company

By: _____
    Name: Neal Austerberry
    Title: Director

By: _____
    Name: Wayne Richard Hollinshead
    Title: Director

By: _____
    Name: Dawn Landry
    Title: Director

By: _____
    Name: Mark Whatling
    Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

**Wesco Aircraft Europe, Ltd**, an England and Wales limited company

By: _____
              Name: Neal Austerberry
              Title: Director

By: _____
              Name: Wayne Richard Hollinshead
              Title: Director

By: _____
              Name: Dawn Landry
              Title: Director

By: _____
              Name: Mark Whatling
              Title: Director

[Signature Page to Omnibus Unanimous Written Consent of the Board of Directors, Boards of Managers and Members]

## ANNEX A

1. Wesco Aircraft Holdings, Inc., a Delaware corporation

2. Wolverine Intermediate Holding II Corporation, a Delaware corporation

3. Wolverine Intermediate Holding Corporation, a Delaware corporation

4. Haas Group, LLC, a Delaware limited liability company

5. Haas Holdings, LLC, a Delaware limited liability company

6. Interfast USA Holdings Incorporated, a Delaware corporation

7. Pioneer Holding Corporation, a Delaware corporation

8. Pattonair Holding, Inc., a Delaware corporation

9. Pattonair USA, Inc., a Texas corporation

10. UNISEAL, Inc., a California corporation

11. Pioneer Finance Corporation, a Delaware corporation

12. Wolverine UK Holdco Limited, an England and Wales limited company

13. Pattonair Holdings Limited, an England and Wales limited company

14. Quicksilver Midco Limited, an England and Wales limited company

15. Pattonair Group Limited, an England and Wales limited company

16. Pattonair Europe Limited, an England and Wales limited company

17. Adams Aviation Supply Company Limited, an England and Wales limited company

18. Pattonair (Derby) Limited, an England and Wales limited company

19. Pattonair Limited, an England and Wales limited company

20. Wesco Aircraft Hardware Corp., a California corporation

21. Wesco LLC 1, a Delaware limited liability company

22. Wesco LLC 2, a Delaware limited liability company

23. Wesco 1 LLP, an England and Wales limited liability partnership

24. Wesco 2 LLP, an England and Wales limited liability partnership

25. Wesco Aircraft SF, LLC, a Delaware limited liability company

26. Wesco Aircraft Canada, LLC, a Delaware limited liability company

27. Wesco Aircraft Canada Inc., a Canada corporation

28. Haas Group International, LLC, a Pennsylvania limited liability company

29. Haas of Delaware LLC, a Delaware limited liability company

30. Haas TCM Industries LLC, a Delaware limited liability company

31. NetMRO, LLC, a Florida limited liability company

32. Haas Corporation of Canada, a Pennsylvania corporation

33. Haas Group Canada Inc., a Canada corporation

34. Haas Chemical Management of Mexico, Inc., a Pennsylvania corporation

35. Haas TCM de Mexico, S. de R.L. de C.V., a Mexico limited liability company

36. Haas Corporation of China, a Pennsylvania corporation

37. Haas TCM of Israel Inc., a Delaware corporation

38. Haas International Corporation, a Pennsylvania corporation

39. Haas TCM Group of the UK Limited, an England and Wales limited company

40. Wesco Aircraft International Holdings Limited, an England and Wales limited company

41. Wesco Aircraft EMEA, Ltd., an England and Wales limited company

42. Haas Group International SCM Limited, an England and Wales limited company

43. Flintbrook Limited, an England and Wales limited company

44. Wesco Aircraft Europe, Ltd, an England and Wales limited company